**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thelma Bossort, <br><br> Plaintiff, <br> vs. <br><br> Kindred Nursing Centers West, L.L.C., <br><br> Defendant. | No. CV-08-8086-PCT-PGR <br><br> <u>ORDER</u> |

The defendant removed this action on July 11, 2008 solely on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Having reviewed Defendant Kindred's Notice of Removal of Civil Action to determine if subject matter jurisdiction exists in this Court, the Court finds that the notice of removal is facially deficient because it fails to properly allege the existence of diversity of citizenship jurisdiction.[1]

As the Supreme Court has long since, and repeatedly, made clear,

> [t]he established rule is that a plaintiff [or removing defendant], suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect

---

[1] The defendant is advised that the complete capitalization of the parties' names in the caption of the notice of removal violates LRCiv 7.1(a)(3).

1 | called to its attention or on discovering the same, must dismiss [or remand] the case, unless the defect be corrected by amendment.

Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926); accord, Rilling v. Burlington Northern Railroad Co., 909 F.2d 399, 400 (9th Cir. 1990).

The defendant has not met its jurisdictional pleading burden because the notice of removal merely states that the defendant "is a Delaware limited liability corporation with its principal place of business in Kentucky." This allegation is insufficient as a matter of law because a limited liability company is not treated as a corporation for purposes of determining whether diversity exists pursuant to § 1332. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")  What is thus required in the notice of removal are affirmative allegations specifically identifying each member of the limited liability company and specifically setting forth each member's citizenship.

In order to cure this pleading deficiency, the Court will require the defendant to file an amended notice of removal that properly alleges the existence of diversity of citizenship jurisdiction.  The defendant is advised that its failure to timely comply with this order shall result in the remand of this action without further notice for lack of subject matter jurisdiction.   Therefore,

IT IS ORDERED that the defendant shall file an amended notice of removal

/ / /

/ / /

properly stating a jurisdictional basis for this action no later than **July 25, 2008.**

DATED this 14th day of July, 2008.

Paul G. Rosenblatt
United States District Judge